UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| MANUS JOHN FISH, III, *et al.*,<br>    *Plaintiffs*,<br><br>v.<br><br>PROPERTY AND CASUALTY<br>INSURANCE COMPANY OF HARTFORD,<br>*et al.*,<br>    *Defendants*. | 1:25-cv-00469-MSN-LRV |

### MEMORANDUM OPINION AND ORDER

Plaintiffs Manus John Fish ("John") and Nancy Fish ("Nancy"), whose home was damaged by two storms, filed suit against Defendant Property and Casualty Insurance of Hartford ("Hartford") primarily to seek damages under their home insurance contract. But Plaintiffs are also seeking damages arising from the trespass of Hartford's inspection contractor, which caused Nancy significant distress while she was home alone. Hartford has moved to dismiss Plaintiffs' trespass claim as to it, arguing that Virginia law does not support vicarious liability for the trespass of an independent contractor, and it may not otherwise be held liable. Because Hartford is correct on this point, the Court will grant its motion.

**I.     BACKGROUND**

   **A.     Factual Background**

Plaintiffs own a home in Herndon, Virginia. ECF 17 ("Am. Compl.") ¶ 1. Hartford is an Indiana company doing business in Virginia. *Id.* ¶ 2. The other Defendants (collectively "Allcat") are Texas entities not registered to do business in Virginia. *Id.* ¶ 3.

Plaintiffs held a home insurance policy from Hartford. Am. Compl. ¶ 7. In August 2021, a storm damaged Plaintiffs' home. *Id.* ¶ 8. They filed a claim with Hartford but did not receive

payment. *Id.* ¶ 9. In March 2022, another storm damaged Plaintiffs' home, and they filed another claim with Hartford. *Id.* ¶¶ 11-12. Hartford issued a claim number and then contracted with Allcat to provide a home inspection. *Id.* ¶¶ 14-15.

Prior to the inspection, John informed Hartford and Allcat that "any inspections would need to be on agreed dates to ensure he was present," as Nancy "suffers profound emotional physical disability . . . causing severely limited mobility, and that she lives in a medically controlled environment" at their home. Am. Compl. ¶¶ 16-17. John further explained that his "presence at the Property was required to support" Nancy's "medical and emotional needs," and specifically asked them not to conduct any activities at their home on June 24, 2022, because he would be at the hospital at that time. *Id.* ¶¶ 18-19.

In spite of John's admonitions, individuals arrived at Plaintiffs' home for an inspection on June 24, 2022 without providing any notice. Am. Compl. ¶ 20. The noise and disruption of the unexpected inspection caused Nancy to believe she was in danger and to hide in a small storage closet, suffering damage to her shoulder. *Id.* ¶¶ 21-23.

### B.     Procedural Background

Plaintiffs filed their original complaint in the Circuit Court for Fairfax County on February 26, 2024, but Hartford did not receive a summons until March 3, 2025. ECF 1. Hartford removed the case on March 14, 2025, invoking this Court's diversity jurisdiction. *Id.*

Hartford filed a partial motion to dismiss on March 24, 2025. ECF 24. Plaintiffs then sought to file an amended complaint. ECF 11. The Court permitted the amendment, and that complaint was deemed filed on April 14, 2025. ECF 16. The amended complaint includes two counts for breach of contract against Hartford alone and one for trespass against both Hartford and Allcat. Am. Comp. ¶¶ 25-40.

In response to the Amended Complaint, Hartford again filed an answer and partial motion to dismiss, seeking to dismiss (as to Hartford) Plaintiffs' trespass claim. ECF 19; ECF 20 ("MTD"). Plaintiffs opposed, and Hartford filed a reply. ECF 23 ("Opp."); ECF 27 ("Reply").

## II.     LEGAL STANDARD

In considering a motion to dismiss for failure to state a claim, a court must "accept as true all of the factual allegations in contained in the complaint" and "draw all reasonable inferences in favor of the plaintiff." *E.l. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011) (citations omitted). But "conclusory" allegations are "not entitled to be assumed true." *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009) (citation omitted). If these facts and inferences do not state a claim to relief, then a court must grant the motion. *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 570 (2007).

## III.    ANALYSIS

The Amended Complaint does not allege that Hartford or its employees directly entered Plaintiffs' property on June 24, 2022. Rather, it alleges that "the inspection company was acting as the agent of Defendant Hartford, and that the inspection of the Property was contracted for and directed by Hartford." Opp. 3 (citing Am. Compl. ¶¶ 14-15). The Amended Complaint states in relevant part: "On information and belief, Defendant Hartford contracted with Allcat to provide an inspection and at all times relevant hereto, Allcat was acting as the agent of Hartford concerning the inspection." Am. Compl. ¶ 15.

Hartford first argues these allegations are insufficient to state a claim against it for trespass on an agency theory. That is correct. "In Virginia, the doctrine of *respondeat superior* imposes tort liability on an employer for the negligent acts of its employees . . . but not for the negligent acts of an independent contractor." *Sanchez v. Medicorp Health Sys.*, 270 Va. 299, 304 (2005). "The

factors which are to be considered when determining whether an individual is an employee or an independent contractor are well established: (1) selection and engagement; (2) payment of compensation; (3) power of dismissal; and (4) power to control the work of the individual. The fourth factor, the power to control, is determinative." *McDonald v. Hampton Training School for Nurses*, 254 Va. 79 (1997). Here, Plaintiffs do not allege facts indicating that Hartford possessed a power of control over Allcat's inspection operations—rather, they simply suggest a relationship by which Allcat was paid to perform a service: the inspection. *See* Am. Compl. ¶ 15. This is dispositive of the agency or *respondeat superior* issue, because Virginia does not allow for the imposition of vicarious liability on an employer for the tortious acts of an independent contractor on an apparent agency or ostensible agency theory. *Sanchez*, 270 Va. at 307-308.

In its opposition, Plaintiffs attempt an end-run around vicarious liability by insisting that Hartford's actions, as alleged, simply meet the definition of trespass under Virginia law. Opp. at 3-4. For a plaintiff to recover for trespass, she must show: "an invasion that interfered with the right of exclusive possession of the land, and that was a direct result of some act committed by the defendant." *Cooper v. Horn*, 248 Va. 417, 423 (1994). But the Amended Complaint does not allege an act by Hartford that *directly* caused the unwanted invasion of Plaintiffs' property. Indeed, all that can be plausibly inferred from the Amended Complaint is that Hartford hired Allcat and instructed them to conduct an inspection. Plaintiffs do not claim that Hartford directly caused the inspection to occur on the day it did, or directed Allcat to contravene John's requests.

In an attempt to support their non-vicarious theory of trespass, Plaintiffs point to *Thomas Somerville Co., Inc. v. World of Golf, Inc.*, 27 Va. Cir. 421 (Chesterfield Cir. Ct. 1992). That case involved golf balls being hit from the defendants' driving range onto the plaintiff's property. The defendants argued that they were "not liable for the damage to plaintiff's property because no

4

officer, director, employee or agent . . . ever hit golf balls which struck the plaintiff's building or otherwise landed on [its] property." *Id.* In rejecting this argument, the Virginia court found that "the nature of the operation of [a driving range was] sufficient" to find that the defendants encouraged and enticed the trespassing activity so as to be liable under an aiding and abetting theory. *Id.* Such a theory imposes liability on a party "who is present at the commission of a trespass, encouraging or inciting the same by words, gestures, looks or signs, or who in any way or by any means continues or approves the same." *Id.* (quoting *Daingerfield v. Thompson*, 74 Va. 136, 148 (1880)). There are no factual allegations in the Amended Complaint sufficient to impose such liability on Hartford for Allcat's alleged trespass.

### IV.     CONCLUSION

For the foregoing reasons, Plaintiffs have failed to state a claim against Hartford in Count III of their Amended Complaint. Accordingly, it is hereby

**ORDERED** that Hartford's motion (ECF 19) is **GRANTED**; and it is further

**ORDERED** that Count III of Plaintiffs' amended complaint (ECF 17) is **DISMISSED** as to Hartford.

It is **SO ORDERED.**

/s/
Michael S. Nachmanoff
United States District Judge

June 2, 2025
Alexandria, Virginia